**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Ryan Daniel Mehaffy,

        Petitioner,

    v.

Warden T. Thomas,

        Respondent.

Case No. 23-cv-1182 (KMM/DJF)

**REPORT AND**
**RECOMMENDATION**

## INTRODUCTION

This matter is before the Court on Petitioner Ryan Daniel Mehaffy's Expedited Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") (ECF No. 1) and self-styled motion related to his Petition ("Self-Styled Motion") (ECF No. 9).[1]  Finding no hearing necessary, the Court recommends Mr. Mehaffy's Petition and Self-Styled Motion be denied as moot and this matter be dismissed with prejudice.[2]

## BACKGROUND

Mr. Mehaffy filed his Petition on April 26, 2023 while incarcerated at the Federal Correctional Institution at Sandstone, Minnesota ("FCI Sandstone") (ECF No. 1 at 1).[3]  He was serving a 72-month term of imprisonment, followed by 5-year term of supervised release for Conspiracy to Distribute at Least 50 Grams of Actual Methamphetamine, in violation of 21 U.S.C.

---

[1]  The undersigned United States Magistrate Judge considers this matter pursuant to a general referral in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1.

[2]  As set forth below, there are no material facts in dispute.  Accordingly, an evidentiary hearing is unnecessary.  *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996).

[3]  For ease of reference, the Court cites the ECF pagination.

§§ 841(a)(1), (b)(1)(A) and 846, and Possession with Intent to Distribute at Least 50 Grams of Actual Methamphetamine and a Mixture and Substance Containing Marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(A), (b)(1)(D).  (ECF No. 7 ¶ 3; 7-1 (Ex. A) at 2-3.)

In his Petition, Mr. Mehaffy asked the Court to immediately transfer him to a Residential Reentry Center ("RRC") so he could properly reintegrate into society prior to his release from prison (ECF No. 1 at 4).  On May 26, 2023, Respondent filed a memorandum opposing the Petition, which stated, in relevant part, that the Bureau of Prisons ("BOP") recalculated Mr. Mehaffy's release date on May 6, 2023 and determined he would be eligible for release on June 3, 2023. (ECF No. 6 at 8.)

On June 5, 2023, Mr. Mehaffy filed a Self-Styled motion asking the Court for immediate release and to decrease the length of his supervised release on grounds that the BOP had again recalculated his First Step Act release time credits and extended his release date from June 3, 2023 to June 13, 2023 without explanation.  (ECF No. 9.)  The Court construes Mr. Mehaffy's Self-Styled Motion as part of his Petition.[4]  The Court ordered Respondent to file a supplemental response explaining why Mr. Mehaffy's release date had changed.  (ECF No. 10.)  On June 10, 2023, Respondent filed a response stating that the BOP: (1) inadvertently miscalculated Mr. Mehaffy's release date due to a coding error in its automated First Step Act time credit calculation program; (2) released Mr. Mehaffy upon realizing its error; and (3) is working to correct the error so that it does not happen in the future.  (ECF No. 11 at 1-2.)  The BOP released Mr. Mehaffy from federal custody on June 8, 2023.  Federal Bureau of Prisons, Inmate Locator, *https://www.bop.gov/inmateloc/* (last visited June 15, 2023).

---

[4] All future references to Mr. Mehaffy's Petition incorporate his Self-Styled Motion.

**DISCUSSION**

"Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000)) (citing U.S. Const. art. III, § 2, cl. 1). "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances … and a federal court can no longer grant effective relief,' the case is considered moot." *Id.* (quoting *Haden*, 212 F.3d at 469). When a case becomes moot, a federal court cannot "address the merits because any opinion [the court] would issue would be merely advisory." *In re Search Warrants Issued in Connection with Investigation of S. Cent. Career Ctr., W. Plains, Mo.* ("*In re Search Warrants*"), 487 F.3d 1190, 1192 (8th Cir. 2007) (citing *Haden*, 212 F.3d at 469).

Unless an exception to the mootness doctrine applies, this case became moot when Mr. Mehaffy was released from custody because the Court "can no longer grant effective relief" since he is no longer in custody, *see Ali*, 419 F.3d at 723, and any opinion would be merely advisory, *see In re Search Warrants*, 487 F.3d at 1192. The Court should not dismiss the Petition as moot, however, if any of the following exceptions apply: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Ahmed v. Sessions*, Civ. No. 16 -2124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn. July 11, 2017) (internal citation

omitted), *report and recommendation. adopted*, 2017 WL 3268176 (D. Minn. July 31, 2017); *see also, e.g.*, *Scheper*, 2020 WL 4060729, at *2-4.

These exceptions do not apply here.  First, there are no cognizable collateral consequences of either Mr. Mehaffy's release prior to placement in an RRC or the miscalculation of his First Step Act time credits.  "Collateral consequences" include restrictions on the right to engage in certain types of businesses or professions, the right to vote, the right to own a gun, and the right to serve on a jury. *Spencer v. Kenma*, 523 U.S. 1, 9 (1998).  "However, a habeas petitioner cannot rely on the collateral consequences of his conviction to save his case from mootness if he is not actually challenging the validity of his conviction." *Tejado-Hurtado v. Fikes*, Civ. No. 21-2766 (JRT/LIB), 2022 WL 291006, at *2 (D. Minn. May 26, 2022) (quoting *Woodward v. Fondren*, Civ. No. 8-194 (ADM/JJK), 2008 WL 5214396, at *2 (D. Minn. Dec. 12, 2008), *report and recommendation adopted*, 2022 WL 2906199 (D. Minn. July 22, 2022)).  Mr. Mehaffy does not challenge the validity of his conviction or the imposition of sentence.  Rather, he challenges the location of his confinement and calculation of his release time credits.  This exception thus does not apply.

Second, as to "a wrong capable of repetition evading review," that "exception applies if the matter is too short in duration to be fully litigated before it ends or expires and there is a reasonable expectation that [Mr. Mehaffy] will be subjected to the same action again." *In re Search Warrants*, 487 F.3d 1193.  This exception does not apply here because Mr. Mehaffy has been released from federal custody and there is nothing in the record or elsewhere to suggest any "reasonable expectation" that he will be subject to federal custody again.  *Ahmed*, 2020 WL3267738, at *3.  If Mr. Mehaffy were to return to federal custody, his confinement would be based on a new set of facts and circumstances for which he would be free to bring a new habeas

petition. *Id.* Third, there is nothing in the record to suggest the BOP released Mr. Mehaffy simply to preclude the Court's review. Fourth, Mr. Mehaffy did not bring his Petition on behalf of a class of individuals. (*See* ECF No. 1.) Because Mr. Mehaffy's case is now moot and none of the exceptions to mootness apply, the Court lacks subject-matter jurisdiction over his Petition.

Accordingly, the Court recommends his Petition be denied as moot and this matter be dismissed with prejudice.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMEND THAT**:

1. Mr. Mehaffy's Expedited Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. [1]) be **DENIED AS MOOT**;

2. Mr. Mehaffy's Self-Styled Motion (ECF No. [9]) be **DENIED AS MOOT**; and

3. This matter be **DISMISSED WITH PREJUDICE**.

Dated: June 15, 2023

s/ *Dulce J. Foster*
DULCE J. FOSTER
U.S. Magistrate Judge

## NOTICE

**Filing** Objections: This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).